AO 241 (Rev 5/85)

PETITION UNDER 28 USC 2241 & 28 USC 1651 FOR WRIT
OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District **EASTERN** | |
|---|---|---|
| Name **ABDULLAH W. MUSTAFAA** | Prisoner No. **E-24447** | Case No. |

| Place of Confinement |
|---|
| **CALIFORNIA STATE PRISON AT SOLANO COUNTY** |

*2:07CV 2537 GEB EFP*

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| **ABDULLAH W. MUSTAFAA** **(TERRANCE MATTHEWS)** | v. **D.K. SISTO, WARDEN** |

The Attorney General of the State of: **CALIFORNIA**

## PETITION

1. Name and location of court which entered the judgment of conviction under attack
   **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

2. Date of judgment of conviction    **April 25, 1996**

3. Length of sentence    **thirty-five years to life ("Three Strikes Law")**

4. Nature of offense involved (all counts)

   **288 & 289 (P.C.     ); two "strike priors" (P.C. 667 et seq)**

5. What was your plea? (Check one)
   (a) Not guilty        ☒
   (b) Guilty            ☐
   (c) Nolo contendere   ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury          ☒
   (b) Judge only    ☐

7. Did you testify at the trial?
   Yes ☒  No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

# FILED

NOV 2 7 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                DEPUTY CLERK

(2)

9. If you did appeal, answer the following:

(a) Name of court    CALIFORNIA COURT OF APPEAL, FIRST APPELLATE DISTRICT

(b) Result    remanded with Order to impose Three Strikes sentence (see Ground Two)

(c) Date of result and citation, if known    JULY 24, 1998 (NO. A08150 – UNPUBLISHED)

(d) Grounds raised _____

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court _____

(2) Result _____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:    N/A

(1) Name of court _____

(2) Result _____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒  No ☐

11. If your answer to 10 was "yes," give the following information:
(a) (1) Name of court    ALAMEDA COUNTY SUPERIOR COURT (NO. C123605)

(2) Nature of proceeding _____

    APPLICATION FOR POST-CONVICTION RELIEF (EXHIBIT A)

(3) Grounds raised    A) THE SENTENCE IS UNLAWFUL PER BLAKELY

    B) ON DIRECT APPEAL, THE REVIEWING COURT IMPERMISSIBLY

SELECTED A SPECIFIC SENTENCE AND ORDERED THE TRIAL COURT

TO IMPOSE THAT SENTENCE – IN VIOLATION OF THE TRIAL

COURT'S LAWFUL DISCRETION UNDER MANDATORY STATE LAW

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ⎕  No X

(5) Result   SUMMARY DENIAL (EXHIBIT B)

(6) Date of result   JULY 7, 2005

(b) As to any second petition, application or motion give the same information:

(1) Name of court A) Superior Court; B) Appellate Court; C) Appellate Court

(2) Nature of proceeding habeas corpus petitions

(3) Grounds raised A) Blakely violation – denied 7/28/06 (Exhibit C)

B) Blakely violation – denied 3/8/06 (Exhibit D)

C) Cunningham violation – denied 9/13/06 (Exhibit E)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ⎕  No X
(5) Result

(6) Date of result

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.      Yes X  No ⎕  habeas corpus petition – denied 7/11/07
(Exhibit F)

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(I) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one:    see attached Memorandum of Points and Authorities
_____

_____

Supporting FACTS (state *briefly* without citing cases or law)    _____

_____

_____

_____

_____

_____

_____

B. Ground two:    see attached Memorandum of Points and Authorities
_____

_____

Supporting FACTS (state *briefly* without citing cases or law):    _____

_____

_____

_____

_____

_____

_____

(5)

C. Ground three:    see attached Memorandum of Points and Authorities

Supporting FACTS (state *briefly* without citing cases or law):

D. Ground four:    see attached Memorandum of Points and Authorities

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

AS NOTED IN RESPONSE TO QUESTION 11(D), EACH SUBSTANTIVE GROUND

FOR RELIEF HEREIN SET FORTH HAS BEEN EXHAUSTED IN THE STATE

SUPREME COURT ON HABEAS CORPUS PROCEEDINGS (EXHIBIT    )

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing    public defender of Alameda County

(b) At arraignment and plea    public defender of Alameda County

(6)

(c) At trial   William P. Daley

1300 Clay Street, Oakland, California

(d) At sentencing   same as (c)

(e) On appeal   Francis Walker

Davis, California

(f) In any post-conviction proceeding   Greg Syron

public defender of Alameda County

(g) On appeal from any adverse ruling in a post-conviction proceeding   Mr. Kross - Berkeley,

California & Mark Elbert of Half Moon Bay, California

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐ No ☒  (however, the indictment alleged two "strike priors".)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future:   N/A

(b) Give date and length of the above sentence:   N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐       N/A

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct. Executed

_____
(date)

_____
Signature of Petitioner
ABDULLAH W. MUSTAFAA IN PRO SE
(TERRANCE MATTHEWS)

## MEMORANDUM OF POINTS AND AUTHORITIES

page

### Ground One

28 USC 2241 and 28 USC 1651 confer jurisdiction upon
this Court to remedy violation of the Sixth Amendment
right to trial by jury (Ground Two), the Fourteenth
Amendment right to equal protection of law (Ground
Three) and to findings of fact made under the correct
standard of proof (Ground Four), the Fifth Amendment
ex post facto prohibition (Ground Five), and also to
declare the nullity of a judgment obtained by way of
fraud upon a State court and thus void (Ground Six)

Introduction                                           3

A) The origin and application of the
jurisdiction expressly conferred by
28 USC 2241: the Habeas Corpus Statute                 5

B) The origin and application of
the jurisdiction expressly conferred
by 28 USC 1651: the "All Writs Act"                    7

C) Conclusion                                          9

### Ground Two

Blakely v. Washington served to retroactively render
Petitioner's sentence, imposed pursuant to findings
of fact impermissibly made by an appellate court -
not by the trial court, subject to review and remedy

Introduction                                          11

Procedural History                                    11

Statement of Law                                      13

Conclusion                                            14

### Ground Three

On Petitioner's direct appeal the State misled the
court by misstating specific and binding case law -
thereby obtaining a favorable ruling prohibited by
that case law, and thus violating his federal
constitutional right to equal protection of law
by improperly and inarguably denying him the ruling
granted to all other similarly situated appellants

Introduction                                          16

Statement of Law                                      17

Conclusion                                            18

### Ground Four

Due to the unique circumstances of the present matter,
the Blakely decision and that of Shepard v. U.S. are
uniquely applicable and require remedy because the
State appellate court impermissibly relied upon an
incorrect and easily surmounted standard of proof in
imposing Petitioner's "Three Strikes" life sentence

                                                                **page**

Introduction                                                       19

Statement of the Law                                               20

Conclusion                                                         23

### Ground Five

State law in effect at the time of Petitioner's
initial sentencing expressly authorized the
reasonable judgment imposed; the State's illicit
use of a purported change in law to later revise
and greatly increase his sentence violated the
federal constitutional ex post facto prohibition

Introduction                                                       24

Statement of the Law                                               24

Conclusion                                                         25

### Ground Six

By misstating the controlling case law and
thereby obtaining an otherwise unavailable
increase in Petitioner's sentence on direct
appeal, the State committed fraud upon the
court and the judgment is therefore void

Introduction                                                       26

Statement of the Law                                               26

Conclusion                                                         26

**Prayer for relief**                                              27

**Verification**                                                   28

### GROUND ONE

28 USC 2241 AND 28 USC 1651 CONFER JURISDICTION UPON
THIS COURT TO REMEDY VIOLATION OF THE SIXTH AMENDMENT
RIGHT TO TRIAL BY JURY (GROUND TWO), THE FOURTEENTH
AMENDMENT RIGHT TO EQUAL PROTECTION OF LAW (GROUND
THREE) AND TO FINDINGS OF FACT MADE UNDER THE CORRECT
STANDARD OF PROOF (GROUND FOUR), THE FIFTH AMENDMENT
EX POST FACTO PROHIBITION (GROUND FIVE), AND ALSO TO
DECLARE THE NULLITY OF A JUDGMENT OBTAINED BY WAY OF
FRAUD UPON A STATE COURT AND THUS VOID (GROUND SIX)

### Introduction

The first issue before a federal judge reviewing a habeas
corpus petition filed by a State prisoner is whether the court has
jurisdiction and thus authority to conduct further proceedings.
Accordingly, Petitioner will show by citation to unequivocal and
binding U.S. Supreme Court case law that, in the factual and
procedural circumstances of the present matter, 28 USC 1651 and
28 USC 2241 grant this Court such jurisdiction. As will be shown,
Petitioner's previous habeas corpus efforts pursuant to 28 USC
2254 do not preclude remedy of the federal constitutional
violations herein addressed, which could not have been challenged
on those prior proceedings.

In other words, Petitioner will prove that the "Habeas Corpus
Statute" (28 USC 2241) and the "All Writs Act" (28 USC 1651) confer
concurrent jurisdiction on the federal district courts, and in
particular on the court thereby having jurisdiction over Petitioner's
custodian, providing a separate avenue for relief from clearly
unconstitutional confinement that is distinct from any remedy
previously sought under 28 USC 2254.

The avenue for relief provided by 28 USC 2241 and 28 USC 1651
was neither repealed nor even modified by the enactment of the
well-known AEDPA, which revised the procedural limitations at 28
USC 2244 et seq but expressly applied those revisions only to 28
USC 2254 and 28 USC 2255 - not to 28 USC 2241 or 28 USC 1651. As the
U.S. Supreme Court emphasized in Felker v. Turpin (1996), 518 US
651, 658:

> "The [AEDPA]...does not preclude the
> U.S. Supreme Court from entertaining a
> habeas corpus petition filed as an original
> matter in the Supreme Court, because the
> Supreme Court will decline to find a repeal

3

> by implication of the Court's 28 USCS 2241
> authority to entertain such original
> petitions."

The 1996 AEDPA revision likewise could not by implication have
repealed the jurisdiction of federal district courts to review such
petitions, since such a repeal would have required express and
mandatory language in the 1996 revision — which in fact addressed
neither 28 USC 2241 nor 28 USC 1651. As the reviewing court noted
in the out-of-circuit but nonetheless instructive U.S. ex rel Elliot
v. Hendricks (3d Cir. 1954), 213 F. 2d 922 — cert. den. 348 US 851:

> "If authority of federal courts to use
> habeas corpus procedure to test question of
> whether one confined under state process
> has been deprived of his constitutional
> rights, is to be more limited than that
> provided by current statute [i.e., 28 USC
> 2241], such limitation must be made by
> Congress."

As the U.S. Supreme Court stated in Rodriguez v. U.S. (1987),
480 US 522, 525, discussing the relevant principle of statutory
construction:

> "Where Congress includes particular
> language in one part of a statute but omits
> it in another section of the same Act, it
> is generally presumed that Congress acts
> intentionally and purposefully in the
> disparate inclusion or exclusion."

In withdrawing one method of challenging the legality of a
judgment, an alternate and adequate means of challenge must remain
available (Custis v. U.S., 1994, 511 US 485, 497); as the U.S.
Supreme Court emphasized in INS v. St Cyr (2001), 533 US 289, 351,
in the express context of 28 USC 2241:

> "At a minimum, the Federal Constitution's
> Suspension Clause...which generally prohibits
> suspension of the privilege of the writ of
> habeas corpus, protects the writ as it
> existed in 1789."

> "It necessarily follows that a serious
> suspension clause issue would be presented
> if we were to accept the INS' submission
> that the 1996 statutes [i.e., the AEDPA]
> have withdrawn that power from federal
> judges and provided no adequate substitute
> for its exercise." (id. at p. 364)

4

Also, under 28 USC 2241 and 28 USC 1651, subject matter jurisdiction is granted to the federal district court where the habeas corpus petitioner is confined — the location of his custodian (<u>Braden v. 30th Judicial Circuit...</u>, 1973, 410 US 484, 494), <u>not</u> the federal district of the State judgment — which is the separate and concurrent jurisdiction conferred by 28 USC 2254 (<u>Dunne v. Henman</u>, 9th Cir. 1989, 875 F. 2d 244, 289). Accordingly, as the U.S. Supreme Court acknowledged in <u>Rumsfeld v. Padilla</u> (2004), 542 US 426, 428:

> "...when a petitioner is serving a state criminal sentence in a State containing more than one federal district, "the district ...wherein [he] is in custody" and "the district...within which the State court was held which convicted and sentenced him" have concurrent jurisdiction."

A) The origin and application of the jurisdiction expressly conferred by <u>28 USC 2241: the Habeas Corpus Statute</u>

The Suspension Clause of the U.S. Constitution presaged the 14th Amendment ability to assert State violations of the federal Constitution (<u>Federal Habeas Corpus Practice and Procedure</u>; Liebman, 3d Ed. p. 19 — text and fn. 5), thereby enforcing the Supremacy Clause by means later clarified — but not created — by subsequent statutory authority. As the high Court stated in <u>Johnson v. Avery</u> (1969), 393 US 483, 485, discussing the history of the Suspension Clause: "There is no higher duty than to maintain [the writ of habeas corpus] unimpaired." Therefore, State convictions were subject to federal review under Section 25 of the First Judiciary Act of 1789, by which the Supremacy Clause was enforced (<u>Whitten v. Tomlinson</u>, 1895, 160 US 231, 238).

Thus, federal habeas corpus review of State judgments serves as a <u>minimal</u> surrogate for the review the U.S. Supreme Court ideally should, but in practice is unable to, provide all State criminal defendants by some means of direct appeal (<u>Reed v. Farley</u>, 1994, 512 US 339, 348-349). Therefore, it is settled that the habeas corpus jurisdiction conferred by 28 USC 2241 or otherwise may be invoked by State prisoners, as the reviewing court acknowledged in <u>In re Grantz</u> (9th Cir. 2000), 202 F. 3d 1074, 1086:

5

> "There is, of course, a federal remedy
> for state court convictions obtained in
> violation of Constitution or [federal]
> statute; a writ of habeas corpus. See, e.g.,
> 28 U.S.C. 2241 [or], 2254."
> (emphasis in original)

The enactment of 28 USC 2241(d) was expressly intended by Congress to increase the number of federal district courts able to hear the habeas corpus petitions of State prisoners and thus broaden the availability of such remedy, by clarifying the principle of alternate and concurrent jurisdiction (Silver v. Dunbar, S.D. Cal 1967, 264 F. Supp. 177, 180), an intent precluding any purported "repeal by implication" by the AEDPA of the broad federal power of review conferred by 28 USC 2241. In sum, 28 USC 2241 is clearly an alternate and concurrent source of federal jurisdiction that was neither revised nor even addressed by the AEDPA, intended and able to override any statutory restrictions expressly applied by the AEDPA solely to 28 USC 2254 and 28 USC 2255.

For example, Rule 11 of the "Rules Governing 2254 Cases" expressly applies Fed R Civ Pro 45(e)(1), strictly limiting the authority and jurisdiction of a federal district court to subpena a witness to that district plus 100 miles (Chessman v. Teets, 9th Cir. 1956, 239 F. 2d 205, 211), but that mandatory restriction is trumped by the broad jurisdiction and authority conferred by 28 USC 2241(c)(5) - as the reviewing court conceded in Miller v. Hambrick (9th Cir. 1990), 905 F. 2d 259, 262. Also, neither the Federal Bail Reform Act of 1966 (18 USC 3142-3152), nor any other federal statute or rule limiting availability of bail (such as Fed R Crim Pro 46), can apply to petitioners filing under 28 USC 2241 - due to the absence of any express language or revision thereof in Section 2241 allowing such application (Blair v. McCarthy, 9th Cir. 1989, 881 F. 2d 602; Benson v. California, 9th Cir. 1964, 328 F. 2d 159).

Therefore, the only limitations placed on State prisoners seeking to file under 28 USC 2241 have been the strictly defined and narrowly enforced statutory requirements of State exhaustion (Ex Parte Abernathy, 1943, 320 US 219 - codified by the 1948 revision of 28 USC 2241), and actual physical custody - as noted in Huante v. Craven (9th Cir. 1974), 500 F. 2d 1004, 1005. In the

6

present matter, Petitioner is in fact in the custody of the
California Prison System, and of the prison warden of the federal
judicial district wherein this Petition has been filed — within
the meaning of Garlotte v. Fordice (1995), 515 US 39 (see also
Miller v. Hambrick, 9th Cir. 1990, 905 F. 2d 259). As the high
Court emphasized in Jones v. Cunningham (1963), 371 US 236, 238:

> "The habeas corpus jurisdictional
> statute (28 U.S.C. 2241), which provides
> that writs of habeas corpus may be granted
> by the Supreme Court, any justice thereof,
> the district court, and any circuit judge,
> implements the constitutional command that
> the writ of habeas corpus be made available."

> "While limiting its availability to
> those "in custody," the statute does not
> attempt to mark the boundaries of "custody"
> nor in any way other than by use of that
> word attempt to limit the situations in
> which the writ can be used." (emphasis added)

B) The origin and application of
the jurisdiction expressly conferred
by 28 USC 1651: the "All Writs Act"

In Felker v. Turpin (1996), 518 US 651, 667, three concurring
Justices expressed concern that despite mention of 28 USC 2241
in the majority opinion, an original habeas corpus petition might
not in some situations be able to bring with it wide-ranging
questions concerning the lower courts' interpretation and
application of federal statutory authority, but noted that such
questions would always be subject to review — despite any apparent
AEDPA obstacles — under the authority of the All Writs Act
(see also In re Medina, 11th Cir. 1997, 209 F. 3d 1556, 1564).

As the high Court stated in Bracy v. Gramley (1997), 520 US
899, 28 USC 1651 (the All Writs Act) "gave federal courts the power
to fashion appropriate modes of procedure, including [i.e., but
not limited to] discovery, to dispose of habeas petitions as law
and justice require." It is thus settled and consistently
acknowledged that 28 USC 1651 provides federal district courts
with broad judicial authority, in contrast to the separate and
distinct avenues of remedy provided by 28 USC 2241, 28 USC 2254,
and 28 USC 2255, to enforce the Supremacy Clause by ruling in
the interests of justice — whenever a fundamental constitutional
defect requires that a conviction be vacated (Clinton v. Goldsmith,

7

1999, 526 US 529, 538 fn. 11; see also Hunter v. Ayers, 9th Cir.
2003, 336 F. 3d 1007; Kerr v. U.S.D.C., 1976, 426 US 394, 403).

Therefore, the All Writs Act is a residual, alternate, and
concurrent source of federal judicial authority intended and able
to override any statutory or procedural obstacle (Carlisle v. U.S.,
1996, 517 US 416, 429). For example, as noted in Ainsworth v.
Vasquez (E.D. Cal 1991: en banc), 759 F. Supp. 1467, 1474 &fn. 11,
Habeas Rule 8 and 28 USC 2254 "make no provision for a prehearing
conference" - but such a conference is nevertheless available to
a State prisoner pursuant to the broad, collateral, and fully
independent authority conferred by 28 USC 1651.

As with 28 USC 2241, it has traditionally and consistently
been acknowledged that the All Writs Act serves in part as authority
to preserve jurisdiction (Delo v. Stokes, 1990, 495 US 320, 323).
Accordingly, in Lenhard v. Wolff (1979), 443 US 1306 J. Rehnquist
expressly invoked the unique authority of the All Writs Act to
grant a stay of execution otherwise unequivocally barred by a
procedural statute (see also Brown v. Vasquez, 9th Cir. 1992, 952
F. 2d 1164 - cert. den. 503 US 1011). Nor is that broad authority
limited to the U.S. Supreme Court (Ojeda-Rios v. Wigen, 2d Cir.
1988, 863 F. 2d 196, 198-202).

In sum, the jurisdiction conferred by 28 USC 2241 creates a
separate and distinct path or avenue on which a habeas corpus
petition may travel - thereby avoiding any possible violation of
the Suspension Clause, and 28 USC 1651 functions as an overriding
authority intended and able to unlock any statutory door otherwise
blocking that path. As the reviewing court explained in U.S. v.
Barrett (1st Cir. 1999), 178 F. 3d 34, 42 - cert. den. 120 S.Ct.
1208, expressly applying 28 USC 2241 and 28 USC 1651 to order a
review on the merits that was otherwise entirely barred by statute:

> "To the extent that there is a question
> regarding the applicability of the "second
> or successive" provisions of AEDPA, we
> exercise our discretion to construe the
> appeal as an application for preclearance,
> and no Certificate of Appealability is
> necessary."

> "Requirement of (AEDPA), that prisoner
> obtain Certificate of Appealability before
> filing second or successive petition for
> postconviction relief, did not apply to his
> claim that he should have been allowed to
> proceed in district court pursuant to
> habeas statute [i.e., 28 USC 2241] or All
> Writs Act. 28 U.S.C.A. 1651, 2241, 2254."

As another example, in Harris v. Nelson (1969), 394 US 286,
299 the U.S. Supreme Court explained that the broad and all-
encompassing power of the All Writs Act included by necessary
inference a right to discovery on habeas corpus that, at that time,
was expressly denied by the Federal Rules of Civil Procedure and
all other statutory authority.

C) The second or successive petition bar
of 28 USC 2244 does not apply to petitions
filed under 28 USC 2241 and 28 USC 1651

As noted above, the second or successive petition limitation
enacted by the 1996 AEDPA revision at 28 USC 2244 cannot apply to
petitions filed under 28 USC 2241 or 28 USC 1651, and in fact the
physical custody prerequisite has been consistently enforced
against second petitions otherwise deemed properly filed under 28
USC 2241 - but not the purportedly sacrosanct second petition bar.
As the reviewing court noted in Henry v. Lundgren (9th Cir. 1999),
164 F. 3d 1240, 1241:

> "Under 2241(c)(3), the district court had
> jurisdiction to entertain Henry's [second
> and successive] petition for a writ of
> habeas corpus only if he was "in custody"
> when the petition was filed. Because Henry
> was not "in custody" at the time he filed
> the present petition, the district court
> lacked jurisdiction and therefore we reverse....
>     The relevant date is the date on which
> Henry filed the present, second petition."
> (emphasis added)

Therefore, while the 1996 AEDPA revision of 28 USC 2244
expressly governs habeas corpus petitions filed pursuant to the
authority of 28 USC 2254 or 2255, it has no legitimate lawful
application to petitions brought under the separate and distinct
jurisdiction of 28 USC 2241 and 28 USC 1651, as the courts have
consistently acknowledged in the context of filings by federal
prisoners (Lorentsen v. Hood, 9th Cir. 2000, 223 F. 3d 950, 954).
For example, as the reviewing court stated in Hernandez v. Campbell

9

(9th Cir. 2000), 204 F. 3d 861, 863-864:

> "After an unsuccessful direct appeal, Hernandez filed...pursuant to 2255.... The central district [court] denied the motion, and this Court affirmed."

> "...Hernandez filed a request with this Court for leave to file a second or Successive petition...however, because he did not meet 2244's stringent requirements for filing a successive 2255 motion, his request was denied.
> On April 6, 1998, Hernandez filed the petition presently at issue, <u>pursuant to 28 U.S.C. 2241</u>..."
> (emphasis added)

Of course, case law interpreting 28 USC 2255 in the context of federal prisoners is equally applicable to such questions arising with State prisoners, because 28 USC 2241 basic language applies with equal authority to State and federal prisoners.

10

**GROUND TWO**

BLAKELY V. WASHINGTON SERVED TO RETROACTIVELY RENDER
PETITIONER'S SENTENCE, IMPOSED PURSUANT TO FINDINGS
OF FACT IMPERMISSIBLY MADE BY AN APPELLATE COURT —
NOT BY THE TRIAL COURT, SUBJECT TO REVIEW AND REMEDY

## Introduction

At Petitioner's original 1996 sentencing hearing the judge
granted the defense Romero motion, finding that his criminal history
and current culpability did not warrant enhancing his current prison
term to a life sentence under the Three Strikes Law. On direct
appeal, as will be explained in greater detail by Ground Three, the
State misled the appellate court into ordering imposition of that
life sentence and denying the superior court any discretion to
reconsider that judgment. On remand, in compliance with that order,
in 1998 Petitioner was subjected to a sentence of 25 years to life.

At the time of that resentencing Petitioner's Sixth Amendment
right to a jury trial on whether or not a life sentence was
warranted (the Blakely issue) was readily apparent from mandatory
State law, and thus federally enforceable, and the current judgment
is void because mandatory State law likewise denied the appellate
court any authority to usurp the sentencing court's sole
jurisdiction and discretion to determine an appropriate sentence
(the Romero issue). In other words, Petitioner was sentenced by
the appellate court, which made findings of fact urged by the
State in choosing a life sentence. The former was an act absent
any lawful jurisdiction, and the latter usurped the proper function
of a jury.

## Procedural History

When Apprendi v. New Jersey (2000), 530 US 466 was decided,
an when Jones v. U.S. (1999), 526 US 227 had been decided, California
State law already generally acknowledged and enforced the Sixth
Amendment right to jury trial regarding sentence enhancements
(People v. Wims, 1995, 10 Cal 4th 293). Thus, although the State
knew or reasonably should have known at the time of Petitioner's
original 1996 sentencing hearing of his right to a jury finding of
whether his sentence should be enhanced to a life term under the
Three Strikes Law, the judge did in fact grant his Romero motion
on exactly that basis — finding that his criminal history and

**11**

current culpability were minimal, and for that reason "striking a
prior" to avoid the life sentence.

In People v. Romero (1996), 13 Cal 4th 497 the State Supreme
Court acknowledged that the right to be sentenced by a judge aware
of his authority to strike a prior is significant enough to warrant
retroactive enforcement; how much more important is the Sixth
Amendment right to jury trial on prior conviction sentence
enhancements, as enforced by Blakely v. Washington (2004), 542 US
296? As the Romero court explained:

>           "Our holding, which relates only to
>      sentencing, is fully retroactive...
>      A defendant serving a sentence under the
>      Three Strikes Law imposed by a court that
>      misunderstood the scope of its discretion
>      to strike prior felony conviction
>      allegations...may file a petition for
>      habeas corpus to secure reconsideration
>      of the sentence." (id. at p. 530 fn. 13)

As will be explained in further detail by Ground Six, the State
misled the appellate court into denying the superior court discretion
to determine an apprpriate sentence on remand, and the Romero
decision renders Blakely retroactively applicable to this case
because due to that misconduct and consequent appellate order "the
(sentencing) court misunderstood the scope of its discretion to
strike a prior felony conviction allegation."

In Cunningham v. California (2006), 549 US __; 127 S.Ct. 856,
the U.S. Supreme Court reversed People v. Black (2005), 35 Cal 4th
1238, stating in pertinent part:

>           ""The Court correctly notes that we need
>      not defer to the California Supreme Court's
>      construction of federal law, including its
>      judgment as to whether California law is
>      consistent with our Sixth Amendment
>      jurisprudence."
>      (fn. 8 - J. Alito's dissent)
>
>           "Justice Kennedy urges a distinction
>      between facts concerning the offense, where
>      Apprendi would apply, and facts concerning
>      the offender, where it would not...
>      Apprendi itself, however, leaves no room for
>      the bifurcated approach Justice Kennedy
>      proposes. See 530 U.S., at 490 ("Any fact that
>      increases the penalty for a crime beyond the
>      prescribed statutory maximum must be
>      submitted to a jury, and proved beyond a

12

> reasonable doubt."
> (fn. 14)

> "The <u>Black</u> court's interpretation of
> federal constitutional law plainly does not
> qualify for this Court's deference."
> (fn. 16)

In sum, in the present matter the superior court judge's
decision to strike a prior was reversed on appeal, but his authority
on remand to reconsider the suitability of a Three Strikes life
sentence – which was in fact settled in State law, was usurped by
the appellate court's order directing him to impose that sentence –
an order predicated solely on the State's false claim that State
law compelled such a sentence.

### Statement of the Law

As the U.S. Supreme Court stated for the first time in <u>Blakely</u>
(supra at pp. 303-304), in the context of the primary sentence and
not a secondary enhancement of the sentence:

> "The relevant "statutory maximum" is not
> the maximum sentence a judge may impose
> after finding additional facts, but the
> maximum he may impose without any additional
> findings. When a judge inflicts punishment
> that the jury's verdict alone does not allow,
> the jury has not found all the facts 'which
> the law makes essential to the punishment'
> ...and the judge exceeds his proper
> authority."

Absent a <u>Romero</u> motion, a California superior court judge can
impose a Three Strikes life sentence after proof of nothing more
than the existence of two proper "strike priors." However, the
existence of two strike priors only creates a rebuttable presumption
that a life sentence may be suitable, the filing of a <u>Romero</u> motion
(as here) brings a challenge to that presumption and activates the
State's duty to prove the life sentence suitable – by reference to
current culpability and general criminal history. By definition,
those are facts other than those found by the jury in rendering
its verdict. In fact, as the U.S. Supreme Court noted in <u>Andrade
v. California</u> (9th Cir. 2001), 270 F. 3d 743, in ruling on a <u>Romero</u>
motion the State is prohibited from using the strike priors to
justify imposition of a life sentence, the court may consider only
the criminal history <u>other than</u> the strike priors – a point of law

**13**

left undisturbed by the subsequent decision in <u>Lockyer v. Andrade</u>

Since the life sentence cannot be imposed without those additional findings - which by definition were neither included in the verdict nor admitted by the defendant, the filing of a <u>Romero</u> motion activates the Sixth Amendment right to a jury finding as to the presence or absence of those additional factors. As will be discussed in greater detail by <u>Ground Four</u>, in <u>Shepard v. U.S.</u> (2005), 544 US 13 the U.S. Supreme Court also established that even where such findings may properly be made by a judge, in some situations - as here - the proper standard is by clear and convincing evidence - not by a preponderance of the evidence.

By way of analogy, there is a rebuttable presumption that a defendant accused of stealing a car had no right to drive it, but an assertion at trial that he was in fact the owner activates the State's duty to prove to the jury that he wasn't - beyond a reasonable doubt and by evidence other than whatever established the basic elements of car theft. Those additional findings of fact are not included in the basic jury verdict, and cannot be made by a judge or by a mere preponderance of the evidence - except in clear violation of the Sixth Amendment. Thus, a State procedure violates the Sixth Amendment if it allows an increased sentence authorized by facts in addition to those found by a jury or admitted by the defendant in court - additional facts that, as here, were "extracted after trial from a report compiled by a probation officer who the judge [here, an appellate tribunal] thinks more likely got it right than got it wrong" (<u>Blakely</u>).

The error is even more egregious in the present matter, because after the trial judge ruled that a Three Strikes life sentence was <u>not</u> suitable - after careful review of the entire record, the State misled the appellate court into denying the judge any discretion to make that ruling - in violation of State law and by affirmatively misstating that law.

### Conclusion

Petitioner's current Three Strikes life sentence is invalid and violative of the U.S. Constitution because the underlying facts were not found by a jury, and because for all practical purposes

14

the judgment was imposed by the appellate court. Obviously, a denial
of the right to jury trial as described by <u>Blakely</u> is no less a
violation of the U.S. Constitution when it is committed by a three-
judge appellate panel, instead of by a single judge of the superior
court. The appropriate remedy would be for this Court to vacate
the judgment and remand to the State for reinstatement of the June
1996 judgment and sentence.

As the U.S. Supreme Court explained in <u>Connecticut v. Johnson</u>
(1983), 460 US 73, 85, in the context of jury instructions, such
error "transfers to the appellate court the jury's function of
measuring the evidence by appropriate legal yardsticks....The
question is not whether guilt [or the basis for a sentence[ may
be spelt out of a record, but whether guilt <u>has been found by a jury</u>"
(emphasis added).

15

## GROUND THREE

ON PETITIONER'S DIRECT APPEAL THE STATE MISLED THE
COURT BY MISSTATING SPECIFIC AND BINDING CASE LAW –
THEREBY OBTAINING A FAVORABLE RULING PROHIBITED BY
THAT CASE LAW, AND THUS VIOLATING HIS FEDERAL
CONSTITUTIONAL RIGHT TO EQUAL PROTECTION OF LAW
BY IMPROPERLY AND INARGUABLY DENYING HIM THE RULING
GRANTED TO ALL OTHER SIMILARLY SITUATED APPELLANTS

### Introduction

On direct appeal, the State claimed that the recently-decided
People v. Williams (1998), 17 Cal 4th 148 barred superior courts
from striking a prior conviction pursuant to the previous and
well-known Romero decision in cases like Petitioner's, and that
Petitioner's sentencing court should therefore be ordered to
reimpose his struck prior – arguing that Williams prohibited any
reconsideration after remand of whether to still strike a prior
conviction under the "Three Strikes Law." However, in making that
false claim, the State affirmatively misled the appellate court by
omitting a crucial and readily apparent factor distinguishing
Williams from the present matter; in Williams, the reviewing
court stated in pertinent part:

> "Since [Williams] entered an open plea,
> there is no need for remanding for
> reconsideration of the sentence. As a
> result, the trial court should simply
> order [him] to serve a 28 years-to-life
> sentence."

Accordingly, as the State Supreme Court noted (at p. 158),
the appellate court "remanded the case with directions to impose"
the 28 years-to-life sentence. Here, by reference to that remand
the State deliberately misled the appellate court into likewise
ordering Petitioner's sentencing court to reinstate the previously
struck prior and then impose a Three Strikes Law life sentence.

Here, the State obtained that reinstatement solely by
improperly omitting the crucial portion of Williams where the State
Supreme Court had emphasized that:

> "We believe that the dissenting [appellate]
> justice was largely right and that the
> majority was altogether wrong – the panel
> should have vacated the judgment in its
> entirety." (at p. 164)

16

> "On remand here, if the material set out
> again prove to be the same as that set out
> before, the superior court cannot rule as
> it did originally, inasmuch as its order
> [striking a prior] was erroneous. But if
> such material and information turn out to
> be different, it is not bound."
> (at p. 164 fn. 7: emphasis added)

In other words, the State cited a portion of the appellate
decision that had been expressly disavowed by the State Supreme
Court on review, for the illicit purpose of falsely claiming that
on remand Petitioner's sentencing court should be ordered to
impose the previously struck prior and consequently impose a
Three Strikes Law life sentence.

## Statement of the Law

As shown, it is readily apparent that absent the State's false
claim the appellate court would have understood that Williams
neither denied superior courts authority to reconsider after remand
whether to strike a prior - doing so in appropriate cases such as
Petitioner's though not in factual circumstances such as Williams',
nor granted the appellate court authority to act as a trier of fact
and order imposition of a Three Strikes life sentence - instead of
vacating a judgment in its entirety and remanding for informed
reconsideration by the superior court.

It is well-established that federal courts have jurisdiction
to vacate State judgments founded upon a unique interpretation of
State law, or imposed in reliance on a legal theory not supported
by controlling case law (Ballard v. Estelle, 9th Cir. 1991, 937
F. 2d 453, 456; Wasko v. Vasquez, 9th Cir. 1987, 820 F. 2d 1090,
1091 fn. 2). In the present matter, it is readily apparent and
inarguable that the State applied a different interpretation of
People v. Williams (1998), 17 Cal 4th 148 to Petitioner than to
all other similarly situated defendants - consequently imposing
a life sentence, because that interpretation plainly contradicted
the actual and express teaching of the California Supreme Court
in the Williams decision. As the reviewing court emphasized in
Ballard v. Estelle , supra, addressing the State's interpretation
of Penal Code section 12022.5 - governing sentence enhancements:

17

> "State laws [i.e., either statutory or
> decisional] may give rise to liberty
> interests protected by the Fourteenth
> Amendment [citations omitted]. Misapplication
> of those laws that lead to deprivations of
> those liberty interests by state
> institutions may be reviewed in federal
> habeas corpus proceedings [citations omitted].
>     Mr. Ballard's claim that his sentence
> violated California sentencing laws because
> a different definition of 'personal use' of
> a firearm was used than California has
> adopted in other cases sets forth a cognizable
> federal habeas corpus claim..."
> (emphasis added)

In sum, the original determinate term of prison custody decreed at the sentencing hearing of 1996 could and should have been reimposed by the superior court on remand, and the State's 1998 revision of that judgment to one of life imprisonment violated the Equal Protection Clause because the 1998 Williams decision it relied upon actually prohibited the State's ruling — thus, a ruling presumptively not applied to any other similarly situated criminal defendants.

## Conclusion

Petitioner's current Three Strikes life sentence is invalid and violative of the U.S. Constitution because it was imposed in reliance upon an interpretation of State decisional authority contrary to that case law and thus different from all other similarly situated defendants.

18

## GROUND FOUR

DUE TO THE UNIQUE CIRCUMSTANCES OF THE PRESENT MATTER,
THE BLAKELY DECISION AND THAT OF SHEPARD V. U.S. ARE
UNIQUELY APPLICABLE AND REQUIRE REMEDY BECAUSE THE
STATE APPELLATE COURT IMPERMISSIBLY RELIED UPON AN
INCORRECT AND EASILY SURMOUNTED STANDARD OF PROOF IN
IMPOSING PETITIONER'S "THREE STRIKES" LIFE SENTENCE

### Introduction

It is well-established that the question of whether a "new
rule of law" from the U.S. Supreme Court applies retroactively
is, to a degree, case-specific and thus a narrow class of
applicants may obtain relief denied the majority for whom, due to
a lack of those specific case factors, the new rule operates only
prospectively. As is clear from the record, this is such a case,
where the Blakely decision applies retroactively by operation of
the U.S. Supreme Court holding in Shepard v. U.S. (2005), 544 US
13, governing the standard of proof required by the Constitution.

As the high Court emphasized in Schriro v. Summerlin (2004),
542 US 348:

> "The right to jury trial is fundamental
> to our system of criminal procedure, and
> States are bound to enforce the Sixth
> Amendment's guarantees as we interpret
> them. But it does not follow that, when a
> criminal defendant has had a full trial
> and one round of appeals in which the States
> faithfully applied the Constitution as we
> understood it at the time, he may
> nevertheless continue to litigate his
> claims indefinitely in hopes that we will
> one day have a change of heart."

In the present matter, however, Petitioner was denied a direct
appeal that enforced his federal constitutional right to State
compliance with its own mandatory rules of criminal procedure — by
the State's misconduct in misleading the appellate court, and by
the State's failure to grant relief or even an evidentiary hearing
as these issues were properly raised by way of habeas corpus.
Here, Petitioner is not attempting relitigation of a claim, only
enforcement of rights secured by the U.S. Constitution and applied
retroactively by operation of Shepard v. U.S., supra.

Because the State appellate court's illicit finding of fact

**19**

and misconduct in denying the superior court discretion to comply with the Romero doctrine, and since that finding was made under an incorrect standard of proof, the resultant judgment is unlawful; as the reviewing court noted in U.S. v. Ameline (9th Cir. 2005), 409 F. 3d 1073, 1081: "It is a miscarriage of justice to give a person an unlawful sentence."

Here, the Three Strikes life sentence was not mandated by the record or by Petitioner's two prior convictions – which merely allowed the State to seek that sentence, it resulted from the State's "proof" to the appellate court (i.e., speculation and conjecture) by a mere preponderance of the evidence that Petitioner derved that sentence. Since sentencing in State and federal courts is governed equally by limitations founded on the U.S. Constitution, rights secured for federal defendants by the Constitution apply equally to the sentencing of State defendants.

<u>Statement of the Law</u>

In Shepard v. U.S. (2005), 544 US 13 the Supreme Court noted that where factual findings will have a "disproportionate effect" on the total sentence, they must be found by clear and convincing evidence – not by a mere preponderance. Therefore, the appellate court lacked authority to make the factual finding subjecting Petitioner to a clearly disproportionate sentence increase – usurping the trial court's role, and that finding is void because it was made by a mere preponderance of the evidence. As the reviewing court emphasized in U.S. v. Brown (9th Cir. 2005), 425 F. 3d 681:

> "The Supreme Court recently signaled that Sixth Amendment concerns are implicated when courts stray from the Taylor [v. U.S., 1990, 495 US 575 – see also U.S. v. Riley, 9th Cir. 1999, 183 F. 3d 1155, 1158] approach and make findings of fact about the prior conviction by referring to sources outside the formal record of conviction."

As the reviewing court likewise noted recently in U.S. v. Washington (4th Cir. 2005), 404 F. 3d 841, the Sixth Amendment had been violated because – as here – "the sentencing court relied on facts outside the indictment" and its analysis thus "involved more than 'the fact of a prior conviction' [in choosing a suitable

20

sentence]." Therefore, aside from the Blakely issue of Petitioner's right to a jury finding on the Romero motion decided by the appellate court, Petitioner contends that even if the appellate court had lawful authority to make that decision - the State's requisite standard of proof was by "clear and convincing evidence" and the State was placed on notice of that requirement by Taylor v. U.S. (1990), 495 US 575.

The minimal preponderance of the evidence standard is generally appropriate for findings of fact at sentencing hearings (U.S. v. Howard, 9th Cir. 1990, 894 F. 2d 1085, 1089), unless the finding "has a clearly disproportionate effect on the sentence relative to the offense of conviction" (U.S. v. Gonzalez, 9th Cir. 2004, 365 F. 3d 796, 799) - in which case the stricter standard of proof by clear and convincing evidence is mandated (U.S. v. Hopper, 9th Cir. 1999, 177 F. 3d 824, 833). As noted above, rights secured by the U.S. Constitution in the context of federal defendants are equally applicable to State defendants.

Accordingly, in ruling on Petitioner's suitability for a Three Strikes life sentence, the appellate court improperly applied the preponderance of the evidence standard to the question of that suitability - since it had the manifestly disproportionate effect of increasing the sentencing range on the current offense from a few years in prison to that of life in prison with an absolute minimum of twenty-five years. Thus, aside from the constitutional violation of the appellate court's act in usurping the trial judge's role which unlawfully exposed Petitioner to an extended sentencing range (U.S. v. Jordan, 9th Cir. 2002, 291 F. 3d 1091, 1094), the judgment is separately and distinctly invalid because the clearly disproportionate effect of that finding imposed a more stringent standard of proof on the State.

To determine whether a sentencing factor has a disproportionate effect and thus requires proof by no less than clear and convincing evidence, the reviewing court in U.S. v. Jordan (9th Cir. 2002), 256 F. 3d 922, 928 set forth the criteria relevant to a "totality of the circumstances" test, which include:

21

1. Whether the enhanced sentence falls within the maximum
sentence for the crime currently charged, standing alone. Here, as
noted, the current offense was not punishable by a life sentence.

2. Whether the enhanced sentence negates the presumption of
innocence or the prosecution's burden of proof for the current
offense. Here, the Three Strikes life sentence was predicated on
factors purportedly related to culpability for the current offense
and general criminal history - which the State should have been
required to prove by the standard of clear and convincing evidence.

3. Whether the length of the enhanced sentence more than
doubles the length of the sentence authorized by the initial
sentencing guideline range, in a case where the defendant would
otherwise have received a relatively short sentence. Here, the
sentence deemed suitable by the superior court judge was illicitly
stricken by the appellate court - in violation of mandatory State
law, and the life sentence then imposed by that tribunal far
exceeded the sentence otherwise allowed for the current offense.

It should also be noted that the State's use of an incorrect
standard of review renders its findings undeserving of any deference
by this Court (Green v. White, 9th Cir. 2000, 232 F. 3d 671, 675);
as the U.S. Supreme Court noted in Rogers v. Richmond (1961), 365
US 534, 546:

> "Historical facts 'found' in the
> perspective framed by an erroneous legal
> standard cannot plausibly be expected to
> furnish the basis for correct conclusions
> if and merely because a correct standard
> is later applied to them."
>
> "It would be manifestly unfair, and
> afford niggardly protection for federal
> constitutional rights, were we to sustain
> a State conviction in which...[the State]
> passes upon that claim under an erroneous
> standard of constitutional law...
> Nor, in a case where specific findings
> are made concerning the alleged [error]...
> can those findings be fairly looked to for
> the 'facts,' since findings of fact may
> often be...influenced by what the finder
> is looking for."

22

## Conclusion

Petitioner's current Three Strikes life sentence is invalid and violative of the U.S. Constitution because the sentence deemed suitable and imposed by the State was predicated on findings of fact proven by nothing more than a preponderance of the evidence, which by its disproportionate effect mandated proof by clear and convincing evidence.



## GROUND FIVE

STATE LAW IN EFFECT AT THE TIME OF PETITIONER'S
INITIAL SENTENCING EXPRESSLY AUTHORIZED THE
REASONABLE JUDGMENT IMPOSED; THE STATE'S ILLICIT
USE OF A PURPORTED CHANGE IN LAW TO LATER REVISE
AND GREATLY INCREASE HIS SENTENCE VIOLATED THE
FEDERAL CONSTITUTIONAL EX POST FACTO PROHIBITION

### Introduction

Aside from the fact that the State misled the appellate court
by misstating the Williams decision, as explained by Ground Three –
a fraud upon the court rendering the consequent judgment void as
a matter of law (Ground Six), the Williams decision could not
lawfully govern Petitioner's resentencing because it occurred after
his current criminal offense – which was on March 15, 1995. In other
words, even if the Williams decision changed California law in the
manner asserted by the State on Petitioner's direct appeal – which
it did not, the change could not be applied to him without
violating the ex post facto prohibition established in State law
and the U.S. Constitution (Williams v. Roe, 9th Cir. 2005, 421 F.
3d 883, 887-888; Murtishaw v. Woodford, 9th Cir. 2001, 255 F. 3d
929, 967; People v. Frazer, 1999, 21 Cal 4th 737, 754 fn. 15).

### Statement of the Law

The Ex Post Facto Clause of the U.S. Constitution prohibits
retroactive application of detrimental changes in law by the
legislative and executive branches of government – both State and
federal (Weaver v. Graham, 1981, 450 US 24; Brown v. Palmateer,
9th Cir. 2004, 379 F. 3d 1089, 1091), and Bouie v. City of
Columbia (1964), 378 US 347, 354 extended that long-established
principle to include "unforeseeable [judicial] construction of a
criminal statute [or, as here, case law]" (see also Rogers v.
Tennessee, 2001, 532 US 451, 458). That is exactly what happened
in the present matter, when the State falsely asserted that the
Williams decision had overturned the Romero precedent, and got the
appellate court to violate the ex post facto doctrine by applying
that purported judicial revision of January 7, 1998 to Petitioner,
who had been arrested and charged on March 15, 1995.

The law in effect at the time of Petitioner's crime, and of
course at the time of his initial sentencing, acknowledged the

24

judge's unequivocal discretion to strike a prior conviction
pursuant to the authority of <u>Romero</u> — which he did, and the
<u>Williams</u> decision that the State later claimed had removed that
discretion came after that initial sentencing. This was a textbook
ex post facto violation, rendering the judgment void as a matter
of law, because such error is not subject to harmless-error
analysis (e.g., <u>Neder v. U.S.</u>, 1999, 527 US 1, 8; <u>Murtishaw v.</u>
<u>Woodford</u>, 9th Cir. 2001, 255 F. 3d 926, 967-974); taking away
discretion from a sentencer violates the Ex Post Facto Clause
(<u>Lindsey v. Washington</u>,      , 301 US 397, 401).

     As the reviewing court emphasized in the strikingly similar
case of <u>Williams v. Roe</u> (9th Cir. 2005),             883, 887:

> "Because the amended statute [here,
> State Supreme Court case law] removed the
> judge's discretion to impose a lighter
> sentence, applying it to Williams violated
> the Ex Post Facto Clause....
>
> The Supreme Court has noted that the
> proper relief upon a conclusion that a
> state prisoner is being treated under an
> Ex Post Facto law is to remand to permit
> the state court to apply the law [that was]
> in place when his crime occurred. <u>Weaver</u>,
> 450 U.S. at 36-37 n. 22."

     Lastly, it should be noted that the superior court judge's
error at Petitioner's resentencing hearing, imposing the strike
prior and thus the life sentence he had previously stricken in the
interests of justice — in misguided compliance with an appellate
court order predicated upon a purported change in law that
occurred <u>after</u> Petitioner's crime and original sentencing hearing,
resulted in an "unauthorized sentence" subject to correction at
any time (<u>People v. Zito</u>, 1992, 8 Cal App 4th 736, 741). Such a
sentence has no lawful validity, either as an ex post facto
violation, a <u>Blakely</u> violation, a <u>Shepard</u> violation, or because
it involves a pure question of law and could not properly have
been imposed (<u>People v. Welch</u>, 1993, 5 Cal 4th 228, 235; see also
<u>People v. Hiscox</u>, 2006, 136 Cal App 4th 253).

                    Conclusion
     Petitioner's current Three Strikes life sentence is invalid
and violative of the U.S. Constitution because it resulted from
ex post facto application of a purported change in law.

## GROUND SIX

BY MISSTATING THE CONTROLLING CASE LAW AND
THEREBY OBTAINING AN OTHERWISE UNAVAILABLE
INCREASE IN PETITIONER'S SENTENCE ON DIRECT
APPEAL, THE STATE COMMITTED FRAUD UPON THE
COURT AND THE JUDGMENT IS THEREFORE VOID

### Introduction

As explained in detail above, the State obtained the current
life sentence imposed in this matter by affirmatively misleading
the appellate court into ordering the superior court on remand
to impose that sentence, denying the superior court the clear
discretion it held under mandatory State law to Choose a sentence.

As shown by Ground Three, on Petitioner's direct appeal the
State knew or reasonably should have known that the case it cited
as sole authority for that denial of discretion did in fact
state the exact opposite, and as shown by Ground Five the State
also knew or reasonably should have known that any such change in
law could not apply to Petitioner except in violation of the ex post
facto doctrine.

### Statement of the Law

However, it is also settled that any judgment or other order
of a court is invalid, void, and unenforceable if obtained by means
of a fraud upon the court (Calderon v. Thompson, 1998, 523 US 538;
Northern Mariana Islands v. Bowie, 9th Cir. 1999, 243 F. 3d 1114,
1118). As the U.S. Supreme Court emphasized in Mooney v. Holohan
(1935), 294 US 103, 105 (citing U.S. v. Throckmorton, 1878,
98 US 61):

>"Fraud vitiates [i.e., nullifies] the
>most solemn contracts, documents, and
>even judgments."

In addition, the federal courts have acknowledged that a
resort to fraud — as here with the State's manipulation of the
appellate court by disingenuously misstating Williams — implies
an awareness that one's position has no legitimate merit, and
may be construed as an admission that the truth would defeat
one's position.

### Conclusion

Petitioner's current Three Strikes life sentence is invalid
and violative of the U.S. Constitution because it resulted from

a fraud upon the State appellate court.

### Prayer for Relief

By reason of the argument and authority heretofore set forth, Petitioner respectfully requests that this Honorable Court grant remedy by vacating the judgment and remanding to the sentencing court for reinstatement of the initial 1996 judgment and sentence.

In the alternative, Petitioner prays that an Order to Show Cause issue to the California Office of the Attorney General, as counsel for Petitioner's custodian - D.K. Sisto, warden, or for such other relief as the Court may deem suitable in the interest of justice.

### Verification

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct – except that as to any matters asserted upon information and belief, I believe they are true.

Executed on _11/28/07_
at Vacaville, California
in the County of Solano.

_____ /s/
Abdullah W. Mustafaa
(Terrance Matthews)

27

# EXHIBITS

## INDEX OF EXHIBITS

**A)** Application for Post-Conviction Relief - mailed 6/20/05

**B)** Denial of Application - 7/7/05

**C)** Denial of superior court habeas corpus petition - 7/28/06

**D)** Denial of first appellate court habeas corpus petition - 3/8/06

**E)** Denial of second habeas corpus petition - 9/13/06

**F)** Denial of California Supreme Court habeas corpus petition - 7/11/07

# EXHIBIT A

'ABDULLAH W. MUSTAFAA
E-24447    3-222-L
CSP-SOLANO  P.O. BOX 4000
VACAVILLE, CA 95696-4000

ENDORSED
FILED
ALAMEDA COUNTY

2005 JUL -7 AM 11: 59

CLERK OF THE SUPERIOR COURT
BY

DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ALAMEDA

|  |  |
|---|---|
| 'ABDULLAH W. MUSTAFAA,<br>　　　　　Applicant,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br>OFFICE OF THE ALAMEDA COUNTY DISTRICT<br>ATTORNEY,<br>　　　　　Respondent | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

APPLICATION FOR POST-CONVICTION
RELIEF

Re: People v. Mustafaa, Case No. 123605

## To: HONORABLE GORDON S. BARANCO, PRESIDING JUDGE

The Appellate Court's opinion filed July 24, 1998, case number A08150, and the consequent sentence were

rendered unlawful by the U. S. Supreme Court's decision in *Blakely v. Washington*, (2004) ___US___ [2004

DJDAR 7581].

Insofar as the Appellate Court acted as a trier of fact and selected a specific sentence. And inasmuch as the

Trial Court was impermissible required to impose that sentence without discretion. The *Blakely* decision has

rendered the subsequent judgment unlawful and it must therefore be vacated.

The appropriate and mandatory remedy is for the applicant to be remanded to the Trial Court for rehearing and

resentencing in accordance with *Blakely v. Washington*.

//

JUL - 7 2005

1

Dated: June 20, 2005

Respectfully submitted,

'Abdullah W. Mustafaa
Applicant

I swear under the penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed this 20th day of June, 2005

'Abdullah W. Mustafaa

2

# DECLARATION AND PROOF OF SERVICE BY MAIL

I 'Abdullah W. Mustafaa, declare under the penalty of perjury that I am over the age of 18 years, and am a party of this action, and reside in Solano County, at P.O. Box 4000, Cell No. 3-222-L, Vacaville, CA 95696-4000

That on June 20, 2005, I deposited in the United States Mail at California State Prison @ Solano, Vacaville, CA a copy of the attached hereof:

APPLICATION FOR POST-CONVICTION RELIEF

in a sealed envelope with postage fully paid, and addresses to:

Office of the Alameda County District Attorney
1225 Fallon Street
Oakland, CA 94612

I declare under the penalty of perjury that the foregoing is true and correct. This declaration was executed on this 20th day of June, 2005, at CSP-Solano, Vacaville, CA 95696-4000

_____
DECLARANT

3

# EXHIBIT B

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**          Dept. No. 9

Date:  July 7, 2005          Hon. LARRY J. GOODMAN, Judge          Fil R. Cruz, Deputy Clerk.
                                                                  Not Reported, Reporter

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing for Plaintiff | No Appearance |
| Plaintiff | | |
| vs. | Counsel appearing | No Appearance |
| ABDULLAH W. MUSTAFAA | | for Defendant |
| | Probation Officer appearing | No. Appearance |
| Defendant | | |

Nature of Proceedings:  **ORDER OF THE COURT**
                        **REGARDING: Application for Post-Conviction Relief**

                                                    **Case No. 123605**
                                                    **PFN:    AON336**
                                                    **CEN:    5135130**

Application for Post Conviction Relief is DENIED.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served **ORDER OF THE COURT** by placing copies in envelopes addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Abdullah W. Mustafaa
E-24447  3-222-L
CSP-Solano
P.O. Box 4000
Vacaville, CA 95696-4000

Dated:  July 11, 2005

By:  _____
        Fil R. Cruz, Deputy Clerk

Writ - Mustafaa, Abdullah

# EXHIBIT C

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**          Dept. No. 9

Date:  July 28, 2006. GOODMAN, Judge                    Fil R. Cruz, Deputy Clerk.
                                                        Not Reported, Reporter

---

IN RE
ABDULLAH W. MUSTAFAA

                                    Counsel appearing    No Appearance
                                    for Petitioner

                    Petitioner

vs.                                 Counsel appearing    No Appearance
                                    for Respondent

PEOPLE OF THE STATE OF CALIFORNIA
                    Respondent

---

Nature of Proceedings:  **ORDER OF THE COURT**
                        **REGARDING PETITION FOR WRIT OF HABEAS CORPUS**

                                                  **Case No. 123605**
                                                  **PFN:    AON336**
                                                  **CEN: 5135130**

The Petition for writ of habeas corpus is denied.  The Petition is untimely and petitioner has failed to explain the
delay of over seven years since the judgment became final in 1999.  Further, Petitioner has not demonstrated that
the writ is exempt from the timeliness requirements.  If the Petition is timely or exempt from the timeliness
requirements, the Petition fails to state a prima faces case for relief.  There were no sentencing errors in the
Petitioner's sentence.  Petitioner's sentence does not violate the principles set forth in <u>Blakely/Apprendi</u>.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause.
I served **ORDER OF THE COURT** by placing copies in envelopes addressed as shown below and then by sealing
and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below,
in the United States mail at Alameda County, California, following standard court practices.

Abdullah W. Mustafaa
CDC or ID Number E-24447
AKA: Terrance Matthews
CSP-Sloan Box 4000
Cell: 3-216-L
Vacaville, Ca 95696-4000

Dated: August 8, 2006

By: _____
    Fil R. Cruz, Deputy Clerk

Writ - Mustaffa, Abdullah - July 28, 2006



# EXHIBIT D



COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION ONE

IN RE ABDULLAH W. MUSTAFAA ON HABEAS CORPUS

A113085

Alameda County No. C123605

**FILED**

MAR - 8 2006

Court of Appeal - First App. Dist.
**DIANA HERBERT**
By_____
                    DEPUTY

BY THE COURT:

     The petition for writ of habeas corpus is denied.

The justices participating in this matter were:

✓Marchiano, P.J.   ✓Stein, J.   ✓Swager, J.   __Margulies, J.

Date____MAR - 8 2006____   MARCHIANO, P.J.   P.J.



# EXHIBIT E

COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 1



FILED
COURT OF APPEAL FIRST APPELLATE DISTRICT

**SEP 1 3 2006**

DIANA HERBERT, CLERK
BY_____ DEPUTY CLERK

In re ABDULLAH W. MUSTAFAA on Habeas Corpus.

A115116
Alameda County No. 123605

BY THE COURT:

        The petition for writ of habeas corpus is denied.

The justices participating in this matter were:

Presiding Justice Marchiano, Justice Swager and Justice Margulies

Date: _SEP 1 3 2006_____        **MARCHIANO, P.J.** _____P.J.

orcc1a



# EXHIBIT F

S150351

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re TERRY L. MATTHEWS (aka Abdullah W. Mustafaa) on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

JUL 1 1 2007

Frederick K. Ohlrich Clerk

Deputy

**GEORGE**

Chief Justice

*supra*, 17 Cal.4th 148, 160-161, italics added.) We therefore conclude that the trial court abused its discretion by granting the motion to strike the finding that respondents April 1984 constituted a prior conviction as defined by section 667, subd. (e)(2).

Although the trial court, sought to avoid remand by stating the sentence it intended to impose if this court did not uphold its order striking the prior conviction, the trial court, not this court, must sentence respondent and enter judgment accordingly. We therefore remand to the trial court to sentence respondent as a third strike offender, pursuant to section 667, subdivisions (b) through (i).

## CONCLUSION

The matter is remanded for resentencing in accordance with the views expressed in this opinion.

11

## DECLARATION AND PROOF OF SERVICE BY MAIL

I, __T. Matthews__ , declare under the penalty of perjury that I am over the age of 18 years, (  ) and not a party, or ( X ) am a party to this action, and reside in Solano County, at P.O. Box 4000, Cell # __3-216-U__ ) Vacaville, California. 95696-4000.

That on __Nov.__ , __25__ , 200 7 . I submitted to custody officials for inspection, sealing and depositing in the United States Mail, consistent with the "Mailbox Rule"; Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) at the California State Prison-Solano, Vacaville, California. 95696-4000 a copy of the attached hereof:

Hbeas Corpus Petition Under 28 USC 2241 & 28 USC 1651

in a fully prepaid envelope, addressed to:

California Attorney General
455 Golden Gte Ave.
San Fancisco, CA 94102

I declare under the penalty of perjury that the foregoing is true and correct. This declaration was executed on this __Nov.__ , __25__ , 200 7 , at CSP-Solano, Vacaville, California. 95696-4000.

DECLARANT