1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  GREGORY A. OTT
   Deputy Attorney General
5  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
6  State Bar No. 117315
    455 Golden Gate Avenue, Suite 11000
7   San Francisco, CA 94102-3664
    Telephone: (415) 703-1362
8   Fax: (415) 703-1234
    Email: peggy.ruffra@doj.ca.gov
9  Attorneys for Respondent

10                IN THE UNITED STATES DISTRICT COURT

11               FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                         OAKLAND DIVISION

| | |
|---|---|
| **ABDULLAH W. MUSTAFAA,** | C 07-6488 CW |
| Petitioner, | **MOTION TO DISMISS HABEAS CORPUS PETITION AS SECOND OR SUCCESSIVE** |
| v. | |
| **D.K. SISTO, Warden,** | |
| Respondent. | |

19       Respondent hereby moves to dismiss the petition for writ of habeas corpus pursuant to 28

20  U.S.C. § 2244(b).  Petitioner filed a previous habeas petition in this Court that was denied on the

21  merits, and has not obtained authorization from the Ninth Circuit Court of Appeals to file this second

22  or successive habeas petition.  Accordingly, this Court lacks jurisdiction to proceed.

23       A motion to dismiss in lieu of an answer is proper where the petition is proper where the

24  petition is procedurally defective.  *See White v. Lewis,* 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski*

25  *v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4, and

26  Advisory Committee Notes.  We have not noticed a hearing date because petitioner is an

27  incarcerated state prisoner who is representing himself in this case.

28

*Mustafaa v. Sisto* - Motion to Dismiss Habeas Corpus Petition as Second or Successive - C 07-6488 CW

**STATEMENT OF THE CASE**

**A.  State Court Proceedings**

In 1996, an Alameda County jury convicted petitioner of lewd and lascivious acts on his 12-year-old stepdaughter and rape with a foreign object. The trial court found that petitioner had sustained three prior "strike" convictions, and sentenced him to 30 years to life in prison.

The California Court of Appeal affirmed the judgment but remanded for the trial court to exercise discretion whether to strike any of the prior convictions. On remand in January 1998, the trial court struck one of the prior convictions and sentenced petitioner to 26 years in prison.

The People appealed, and the California Court of Appeal held that the trial court had abused its discretion in striking the prior conviction. On the second remand in October 1998, the trial court imposed a sentence of 35 years to life in prison. The California Court of Appeal affirmed the sentence, and the California Supreme Court denied review on November 10, 1999.

While petitioner's appeal after second remand was pending, he filed a habeas petition in the California Court of Appeal, which was denied in 1998. He also filed two habeas petitions and a petition for review in the California Supreme Court, all of which were denied in 1999.

Petitioner subsequently filed a habeas petition in Alameda County Superior Court, which was denied in 2005. Petition, Exhs. A, B. He then filed another habeas petition in superior court, which was denied in 2006. Petition, Exh. C. He filed two habeas petitions in the California Court of Appeal, both of which were denied in 2006. Petition, Exhs. D, E. He also filed a habeas petition in the California Supreme Court under the name Terry L. Matthews, which was denied in 2007. Petition, Exh. F.

**B.  Federal Court Proceedings**

On July 16, 1999, petitioner filed a habeas petition in this Court (Case No. C 99-03452 CW). Following extensive briefing, on April 22, 2003, the Court denied the petition on the merits. Exhs. 1 (docket), 2 (order).

Petitioner filed a notice of appeal, and the Court granted a certificate of appealability (COA) on two claims involving ineffective assistance of counsel. The Ninth Circuit appointed counsel (Case No. 03-16384). Following extensive briefing, on March 31, 2005, the Ninth Circuit

affirmed the denial of the Sixth Amendment claims, expanded the COA, and granted relief on the claim that there was insufficient evidence that one of the prior convictions was sustained by petitioner. Exhs. 3 (docket), 4 (memorandum). The state sought rehearing, which was granted. On June 7, 2005, the Ninth Circuit issued a new opinion which again affirmed the denial of the Sixth Amendment claims, and also found sufficient evidence that petitioner had sustained the prior conviction. Exhs. 3, 5 (second memorandum).

On July 27, 2005, petitioner filed a petition for certiorari in the United States Supreme Court (Case No. 05-5521). On October 3, 2005, the United States Supreme Court denied certiorari review. Exh. 3.

On November 27, 2007, petitioner filed the current habeas petition in the Eastern District. The petition raises the following claims: (1) petitioner's three strikes sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004); (2) the state violated equal protection by misstating the law on direct appeal; (3) the state appellate court erred by upholding petitioner's three strikes sentence; (4) the imposition of the three strikes sentence violated the ex post facto rule; and (5) the state committed a fraud on the court by misstating the law on direct appeal.[1] The case was transferred to this district, and on August 7, 2008, this Court issued an order to show case.

## ARGUMENT

**THE NINTH CIRCUIT HAS NOT AUTHORIZED THIS SECOND OR SUCCESSIVE PETITION**

28 U.S.C. § 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

The Supreme Court has made clear that this statute is jurisdictional. In *Burton v. Stewart*, 127 S.Ct. 793 (2007), the defendant filed a federal habeas petition in district court in 1998. The court denied relief. Three years later, Burton filed another federal habeas petition in district court.

---

1. Petitioner's first claim is simply a discussion of federal habeas corpus law.

1  The Supreme Court found that Burton's petition was a "second or successive application," and that
2  he had not sought or obtained authorization to file it from the court of appeals. *Id.* at 796.
3  Accordingly, the Supreme Court remanded the case to the district court to dismiss the petition for
4  lack of jurisdiction, stating:

5  > The long and short of it is that Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a "second or successive" petition challenging his custody, and so the District Court was without jurisdiction to entertain it. The judgement of the Court of Appeals for the Ninth Circuit is therefore vacated, and the case is remanded with instructions to direct the District Court to dismiss the habeas petition for lack of jurisdiction.

9  *Id.* at 799.

10  Likewise, in this case petitioner failed to seek or obtain authorization from the Ninth
11  Circuit before filing the current petition. In fact, despite his extensive history of federal proceedings
12  at every level, petitioner did not even acknowledge that he had ever filed an earlier federal habeas
13  petition in this Court. Although the form petition for this district required petitioner to detail any
14  previous "petitions, applications or motions with respect to this judgment in any court, state or
15  federal," Petition at 3, ¶ 10, petitioner listed only his most recent state habeas proceedings. *Id*. at
16  3-4. Because this petition is second or successive, it must be dismissed for lack of jurisdiction.

**CONCLUSION**

For the reasons stated, respondent respectfully requests that the petition for writ of habeas corpus be dismissed.

Dated: August 20, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

GREGORY A. OTT
Deputy Attorney General

**/s/ Peggy S. Ruffra**

PEGGY S. RUFFRA
Supervising Deputy Attorney General

Attorneys for Respondent

## DECLARATION OF SERVICE BY MAIL

Case Name: *Abdullah Mustafaa v. Sisto*
Case No. **C 07-6488 CW**

I am employed in the Office of the Attorney General, which is the office of a member of the Bar of this Court at which member's direction this service is made. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 20, 2008, I served the attached

### MOTION TO DISMISS HABEAS CORPUS PETITION
### AS SECOND OR SUCCESSIVE

in the internal mail collection system at the Office of the Attorney General,455 Golden Gate Avenue, Suite 11000, San Francisco, California 94102, for deposit in the United States Postal Service that same day in the ordinary course of business in a sealed envelope, postage fully prepaid, addressed as follows:

Abdullah W. Mustafaa
E-24447
CSP-Solano
P.O. Box 4000
Vacaville, CA  95696

I declare under penalty of perjury the foregoing is true and correct and that this declaration was executed on August 20, 2008, at San Francisco, California.

| Denise Neves | **/s/ Denise Neves** |
|---|---|
|  | Signature |