# EXHIBIT 4



**FILED**

**NOT FOR PUBLICATION**

**MAR 31 2005**

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ABDULLAH W. MUSTAFAA, aka Terrance Matthews,

        Petitioner - Appellant,

  v.

A. C. NEWLAND, Warden,

        Respondent - Appellee.

---

No. 03-16384

D.C. No. CV-99-03452-CW

MEMORANDUM[*]



Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted December 6, 2004
San Francisco, California

Before: D.W. NELSON, KLEINFELD, and GOULD, Circuit Judges.

Petitioner Abdullah Mustafaa appeals the district court's denial of a writ of habeas corpus. We affirm the district court's denial on grounds of ineffective assistance of counsel at trial and ineffective assistance of appellate counsel.

---

    [*]   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

Mustafaa does not show that there is a "reasonable probability" that the result of the proceedings against him would have been different had his attorney conducted additional investigation. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Bragg v. Galaza*, 242 F.3d 1082, 1088 (9th Cir. 2001). Mustafaa's claims of ineffective assistance of appellate counsel also fail because he cannot show that he was prejudiced by the failure to raise untenable issues on appeal. *Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002).

We grant a certificate of appealability on the issue of the use of a prior conviction under a different name to enhance Mustafaa's sentence. Mustafaa has shown by "clear and convincing evidence" that both the state trial and appellate courts unreasonably found facts not supported by the record. 28 U.S.C. § 2254(e)(1). The erroneous fact finding resulted in a decision that was unreasonable in light of the evidence in the state court proceedings, and the factual errors were "central to petitioner's claim." 28 U.S.C. § 2254(d)(2); *Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004). The state trial court found beyond a reasonable doubt that a prior conviction under the name Carl Matthews was committed by petitioner because of the fingerprint evidence in the record. Our review of the record reveals no fingerprint evidence connecting Mustafaa to the name Carl Matthews or to the conviction in question. The state appellate court

2

relied on the trial court's mistaken assumption that the fingerprints in the record tied petitioner to the conviction under a different name, and added that petitioner's guilt phase testimony that he had been convicted on April 24, 1984 of the crime charged to Carl Matthews was also admissible to prove the conviction beyond a reasonable doubt. Our review of the record of conviction shows that Carl Matthews was convicted on May 22, 1984, not April 24, 1984. Because the prior conviction was of a person with a different name not linked by any admissible evidence to petitioner, we conclude that relying on non-existent fingerprints and testimony that admitted to a conviction on a date other than the date presented in the record of conviction constituted an unreasonable determination of the facts warranting a grant of the petition. *See, e.g., Taylor*, 366 F.3d at 999 (citing *Ward v. Sternes*, 334 F.3d 696, 705-708 (7th Cir. 2003)).

We grant the petition with respect to petitioner's sentence enhancement only, and remand to the state court to either resentence Mustafaa without the enhancement based on the prior conviction under the name Carl Matthews, or to conduct a new sentencing hearing within a reasonable time.

**PETITION DENIED IN PART, GRANTED IN PART AND REMANDED IN PART.**

3