# EXHIBIT 5

**FILED**

**NOT FOR PUBLICATION**

JUN 07 2005

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABDULLAH W. MUSTAFAA, aka Terrance Matthews,<br><br>　　　　Petitioner - Appellant,<br><br>　　v.<br><br>A. C. NEWLAND, Warden,<br><br>　　　　Respondent - Appellee. | No. 03-16384<br><br>D.C. No. CV-99-03452-CW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted December 6, 2004
Resubmitted June 1, 2005
San Francisco, California

Before: D.W. NELSON, KLEINFELD, and GOULD, Circuit Judges.

Petitioner Abdullah Mustafaa appeals the district court's denial of a writ of habeas corpus. We affirm the district court's denial on grounds of ineffective assistance of counsel at trial and ineffective assistance of appellate counsel.

---

[*]   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

Mustafaa does not show that there is a "reasonable probability" that the result of the proceedings against him would have been different had his attorney conducted additional investigation. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Bragg v. Galaza*, 242 F.3d 1082, 1088 (9th Cir. 2001). Mustafaa's claims of ineffective assistance of appellate counsel also fail because he cannot show that he was prejudiced by the failure to raise untenable issues on appeal. *Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002).

In our prior memorandum, we granted a certificate of appealability on the issue of petitioner's sentence being enhanced with a prior conviction under a different name. We granted the writ of habeas corpus with respect to the sentencing issue only, and remanded to the state court to resentence Mustafaa without the prior conviction under a different name or hold a new sentencing hearing.

Appellee has demonstrated that a clerical error at some point led to the exclusion of fingerprint evidence that appears to have been present before the state trial and appellate courts from the record before the district court and this court.[1]

---

[1] Ordinarily, we would remand to the district court to consider the expanded record because this information was not before that court when it heard petitioner's case. However, because the district court already denied the petition on grounds that petitioner's admission during cross examination was sufficient to

(continued...)

2

The excluded evidence shows that the state appellate court's factual findings were reasonably supported by fingerprint evidence in the record before it that connected Mustafaa to the conviction under a different name. 28 U.S.C. § 2254(e)(1). We can no longer say that the erroneous fact finding resulted in an unreasonable decision when the state appellate court affirmed the use of that prior conviction to enhance petitioner's sentence. 28 U.S.C. § 2254(d)(2).

**PETITION DENIED.**

---

[1](...continued)
establish the truth of the prior conviction for purposes of sentence enhancement, we conclude that a remand in this case is unnecessary.

3

**FILED**

UNITED STATES COURT OF APPEALS

**JUN 07 2005**

FOR THE NINTH CIRCUIT

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABDULLAH W. MUSTAFAA, aka Terrance Matthews, <br><br> Petitioner - Appellant, <br><br> v. <br><br> A. C. NEWLAND, Warden, <br><br> Respondent - Appellee. | No. 03-16384 <br><br> D.C. No. CV-99-03452-CW <br> Northern District of California, Oakland <br><br> **ORDER GRANTING  PETITION FOR REHEARING, WITHDRAWING MEMORANDUM DISPOSITION, AND RESUBMITTING CASE** |

Before: D.W. NELSON, KLEINFELD, and GOULD, Circuit Judges.

Appellee's petition for rehearing is granted.  The memorandum disposition filed March 31, 2005 is withdrawn.  This case is resubmitted as of June 1, 2005.

SO ORDERED.